UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LARRY C. ZEBARI,

             Plaintiff,

                                 Case No. 05-CV-72924

vs.

                                 HON. GEORGE CARAM STEEH

THE PEPSI BOTTLING CO.,

             Defendant.

_____/

## ORDER GRANTING MOTION FOR RECONSIDERATION

On April 5, 2007 this court entered an opinion and order granting in part and denying in part defendant's motion for summary judgment. The court granted summary judgment as to plaintiff's claims of harassment and discrimination and denied summary judgment as to the claims of retaliation. Plaintiff filed this motion for reconsideration regarding the court's conclusion that two specific complaints by plaintiff did not constitute protected activity.

Local Rule 7.1(g)(3) of the Local Rules of the United States District Court for the Eastern District of Michigan provides:

> [M]otions for rehearing or reconsideration which merely present the same issues ruled upon by the court, either expressly or by reasonable implication, shall not be granted. The movant shall not only demonstrate a palpable defect by which the court and the parties have been misled but also show that a different disposition of the case must result from a correction thereof.

The first complaint argued by plaintiff is the September 2004 letter written by plaintiff to Scott Gillesby and Sean McDevitt following the announcement of the creation of a diversity council by defendant. Plaintiff's letter articulates his concerns about the

lack of representation of employees of "Middle Eastern heritage." The letter begins by explaining that PBG's customer base is overwhelmingly Middle Eastern, but points out that there is no Middle Eastern representation on the council.

The main message of plaintiff's letter is that it would make good business sense to include employees of Middle Eastern descent on the diversity council. Plaintiff explains his belief that PBG is not taking adequate advantage of the opportunity to market to Middle Eastern customers. ("There are several other companies locally who seek out talent from this pool and use it to their advantage as it pertains to developing relationships with these customers. We do not, PGB has discussed it in the past but it has never come to fruition.") The statement by plaintiff that the number of managers is not representative of the customer base, "the overwhelming majority" of which are from the Middle East, does not constitute an assertion of employment discrimination.

However, plaintiff also points out that "Middle Eastern manager's numbers here at PBG are not at all representative of our customer community." Plaintiff additionally states that he has "seen mockery and ridicule leveled at these customers from all levels of our organization." While the inference of employment discrimination from these statements may be relatively weak, the jury can determine what weight to give them. The court will permit the September 24, 2004 letter regarding the diversity council into evidence, and will entertain a motion for a limiting instruction at trial, if one is brought.

Plaintiff next takes issue with the court's ruling that plaintiff did not engage in protected activity in October 2004 when he protested that he was interviewed as part of a bottle scam redemption scheme because he was Chaldean. Plaintiff claims that the court's ruling was based on an inaccurate factual proposition. The court found that

2

plaintiff knew he had been named in the hot line call at the time he asserted ethnic

discrimination:

> Q: So Moore calls you, and what does he say?
>
> A: Moore calls me and says, "I'm sorry to bother you on your vacation, but I need you to come in on Wednesday to Troy and meet with Terry McKinney." I said, "I know who Terry McKinney is. He's like a director of safety, not safety, director of security." "I want you to speak with him. Stephanie Hobson will be there. There is some over-redemption issues on some accounts." And he named off the accounts. I said, "Those aren't even my accounts. Why do I have to go?" He said, "An anonymous phone call came from the 800 number at Pepsi and your name was mentioned." I said, "Okay." . . .

(Zebari dep. at p. 389). Later in the same deposition, Mr. Zebari again mentioned the

anonymous call:

> . . . And I made it clear to Mr. McKinney that I felt their questioning of me was inappropriate. They had no basis to have me in there, and all they had me on there was an anonymous phone call naming me. . . .

(Zebari dep. at p. 392). Contrary to plaintiff's argument on reconsideration, there is

record evidence that plaintiff knew he had been named in the telephone call.

The court grants plaintiff's motion for reconsideration, however, and will permit

his accusation of ethnic targeting to come into evidence. The jury can consider all of

the evidence to determine whether plaintiff was acting in good faith when he protested

that he was being interviewed because he was Chaldean. The issue of plaintiff's

motive, faith and state of mind when he made the accusation is one properly given to

the jury for consideration.

IT IS HEREBY ORDERED that plaintiff's motion for reconsideration is

GRANTED.

So ordered.

Dated:  June 11, 2007

                                  S/George Caram Steeh
                                  GEORGE CARAM STEEH
                                  UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
June 11, 2007, by electronic and/or ordinary mail.

s/Josephine Chaffee
Deputy Clerk